IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SHIRLEY A. SANDIFER,<br><br>　　　　　　Plaintiff<br><br>　　VS.<br><br>JO ANNE B. BARNHART,<br>S.S. Commissioner,<br><br>　　　　　　Defendant | NO. 5:05-CV-300(CWH)<br><br>SOCIAL SECURITY APPEAL<br><br>PETITION FOR ATTORNEY'S FEES<br>UNDER EAJA |

## O R D E R

Plaintiff's attorney has moved the court for an award of attorney's fees in the above-captioned case, under provisions of the Equal Access to Justice Act (EAJA), for his successful representation of the plaintiff before this court.  Tab #24.  28 U.S.C. § 2412(d)(1)(A) provides:

> *Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

In the case at bar, it is uncontroverted that the claimant was a prevailing party; that the fee application was timely filed; that no special circumstances exist that would make such an award unjust; and, that the Commissioner's previous decision denying the claimant Social Security benefits was not substantially justified.  The defendant has responded and makes no objection to the awarding of attorneys' fees pursuant to 28 U.S.C. 2412(d).  Tab #26.

Plaintiff's attorney has filed a schedule with his motion for attorney's fees showing that he expended 18.5 hours of time on this case.  He requests attorney's fees for this amount of time multiplied by $139.25.

Plaintiff's attorney has filed an affidavit with his motion for attorney's fees showing that he expended 18.5 hours of time on this case. He requests compensation under EAJA at an hourly rate of $139.25. Plaintiff's attorney has the burden of substantiating her fee request. *See Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). *See also Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2553-55, 101 L.Ed.2d 490 (1988); *Chynoweth v. Sullivan*, 920 F.2d 648, 649 (10th Cir. 1990).

In the past, the undersigned has routinely found in considering other requests for attorney's fees in Social Security cases that a fee of $125.00 per hour is not unreasonable. *See Kay v. Apfel*, 176 F.3d 1322, 1328 (11th Cir. 1999) (noting that the district court is entitled to consider its own knowledge and experience concerning reasonable and proper fees in determining the reasonable hourly rate). However, based upon plaintiff's counsel's affidavit and in recognition of the value of services performed by counsel in such cases, as well as counsel's expertise, the undersigned now finds that a fee of $139.25 per hour is reasonable and appropriate.

Accordingly, IT IS ORDERED that counsel's request for attorney's fees pursuant to 28 U.S.C. § 2412(d) be **GRANTED** to the extent that counsel shall be compensated at the rate of $139.25 per hour with directions that payment shall be forwarded forthwith to the plaintiff's attorney of record in the amount of **$2,576.13** (18.5 hours times $139.25 per hour).

SO ORDERED AND DIRECTED, this 6th day of JUNE, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE